IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 122-087 |
| | * | |
| SHERIFF ALFONZO WILLIAMS, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff's motion for default judgment. (Doc. 8.) Federal Rule of Civil Procedure 55 allows a party to seek default judgment pursuant to a two-step process. First, if a defendant fails to plead or otherwise defend the lawsuit, the clerk is authorized to enter a clerk's default. Only after default is entered may a party seek default judgment. See Bardfield v. Chisholm Props. Circuit Events, LLC, No. 3:09cv232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) (listing cases for the proposition that a party may not apply for default judgment without first asking the clerk to enter default).

Plaintiff has not specifically moved for default, and since a plaintiff may not receive default judgment without the entry of default, Plaintiff's motion is **DENIED** as premature. However, liberally construing Plaintiff's motion as a motion for entry of

default, the Court addresses whether entry of default is proper in this matter.

The entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). However, before a clerk's default can be issued, "the serving party must establish that defaulting party was properly served." FDIC for Hillcrest Bank Fla. v. Colony Corp. Ctr., LLC, No. 2:10-cv-774, 2011 WL 13294823, at *1 (M.D. Fla. Apr. 7, 2011) (citing Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007)). Therefore, before directing the Clerk to enter default, the Court must first determine whether Plaintiff properly effected service of process. See Vilchez v. 3F Mgmt., LLC, No. 2:16-cv-652, 2016 WL 6395351, at *1 (M.D. Fla. Oct. 28, 2016) (citation omitted).

Pursuant to the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). In this case, the docket reflects that the Clerk has not even issued summons for this case. There is a filing by Plaintiff that suggests she mailed requests to waive service of summons to the Defendants; however, the waivers are dated March 3, 2022 and May

2

8, 2022 – both before this action was commenced on July 15, 2022. (See Doc. 3.)  Based on the foregoing, there is no evidence Plaintiff has properly served Defendants in compliance with Rule 4; therefore, default is also improper at this time.

For the foregoing reasons, Plaintiff's motion for entry of default judgment (Doc. 8) is **DENIED**.  To the extent Plaintiff's motion is a motion for entry of default, none of the Defendants have been properly served, and as such the Court **DENIES** any request to enter default at this time.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of August, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA